## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANDREW GERALD GRIEGO,

    Plaintiff,

v.                                         No. CV 11-0602 MV/WPL

MEDICAL CORRECTIONAL SERVICES,
N.M. DEPARTMENT OF CORRECTIONS,
MD WILLIAM SHANNON,
PA MAUREEN BIXENMAN,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court, *sua sponte* under Fed. R. Civ. P. 12(b)(1), 28 U.S.C. § 1447(c), on Plaintiff's Complaint (Tort), which was filed in state court and then removed to this Court by certain Defendants. Plaintiff is incarcerated and appears pro se. For the reasons discussed below, the Court will remand the matter to the state court.

Plaintiff's complaint alleges that he suffers from abnormal growths and lesions in his left eyelid. He has received treatment for this condition, to no avail. His requests for surgery and a biopsy were denied. Plaintiff asserts that Defendants' conduct amounted to medical malpractice and negligence, and he "feel[s] that [his] constitutional rights have been violated. . . , especially because I'm in the welfare of . . . the State of New Mexico." Defendants removed the complaint based on Plaintiff's assertion of constitutional violations.

In spite of the complaint's apparent reference to the Constitution of the United States, resolution of Plaintiff's claims will be determined by state law, and this action, therefore, may not

be removed to federal court. Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Court must determine, *sua sponte* in the absence of a motion, its original jurisdiction of the subject matter of a removed complaint. *See Flores v. Long*, 110 F.3d 730, 732 (10th Cir. 1997) (upholding district court's *sua sponte* determination of jurisdiction) (citing *Patsy v. Bd. of Regents*, 457 U.S. 496, 524 n.19 (1982). "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)); *see also Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 334 (10th Cir. 1982); *Andersen v. Bingham & G. Ry. Co.*, 169 F.2d 328, 330 (10th Cir. 1948).

The well-pleaded complaint rule requires an examination of the actual nature of the claims that Plaintiff asserts. *See Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986); *Box Tree South, Ltd. v. Bitterman*, 873 F. Supp. 833, 837 (S.D. N.Y. 1995); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). "State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations," *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968), *quoted in Assoc. Fin. Serv. Co. of New Mexico, Inc. v. Rodriguez*, No. 93-2194, 1994 WL 209818, at **1 (10th Cir. 1994), and in particular, a pro se plaintiff's invocation of federal law is not dispositive. *See Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Here, Plaintiff has received medical treatment for his condition, and his allegations describe only a disagreement with medical staff's diagnosis and treatment. "This disagreement [about a course of treatment] does not give rise to a [federal] claim for deliberate indifference to serious

medical needs." *Free v. Unknown Officers of the Bureau of Prisons*, 103 F. App'x 334, 337 (10th Cir. 2004).

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *cf. Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff's allegations do not support a claim of violation of federal law, *see Martinez*, 802 F.2d at 1280, *and cf. De Young v. Lorentz*, No. 95-3153, 1995 WL 662087 (10th Cir. Nov. 9, 1995) (affirming district court's simultaneous dismissal of frivolous federal claim and remand of state law claim for lack of jurisdiction), and the fact of his incarceration does not give a constitutional dimension to his negligence claims, *see Estelle*, 429 U.S. at 106. The Court will remand the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is REMANDED to the New Mexico First Judicial District Court, County of Santa Fe.

_____
UNITED STATES DISTRICT JUDGE